UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                           23-CV-1779 (PKC) (LB)

      -against-

DEFENSE ATTORNEY O'FLAHERTY NIAMH
P.,[1]

                Defendant.
------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[2] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

### BACKGROUND

      Plaintiff alleges that Legal Aid Society attorney Niamh P. O'Flaherty, is "not making a strong enough point when needed. As they exist throughout my discovery she constantly talks about a Millineux [sic][3] hearing which intends to include a false statement of Bleeker Ward telling a lie that was dismissed & not on oath." (Complaint, Dkt. 1, at 4). Plaintiff further states that

---

[1] It appears that Plaintiff seeks to name Legal Aid Society attorney Niamh P. O'Flaherty as the defendant. *See* LEGAL AID SOCIETY, https://legalaidnyc.org/contact-us/staff/?s=niamh&staff_borough=&practice_area=&per=-1 (last visited Apr. 12, 2023).

[2] At the time of filing, Plaintiff was being held at the Anna M. Kross Center on Rikers Island but was released from custody on March 2, 2023. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited March 24, 2023). Plaintiff has filed sixty (60) cases in recent months, including forty-three (43) cases on the same day.

[3] Plaintiff might be referring to what is commonly referred to as a "Molineaux hearing," a pre-trial hearing held to determine whether evidence of uncharged crimes or bad acts may be introduced at trial. *People v. Molineaux*, 168 N.Y. 264 (1981).

O'Flaherty "still haven't [sic] brought it to the [judge's] attention that the witness . . . already proved that [Plaintiff] was not involved in a kidnap attempt." (*Id*. at 4.) Plaintiff seeks money damages. (*Id*. at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

2

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.; see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

Plaintiff alleges that criminal defense attorney, Niamh P. O'Flaherty, has failed to properly represent him during state court criminal proceedings. However, because Section 1983 imposes liability for constitutional violations caused by state actors, Plaintiff's lawyer, as a private person, even when court-appointed, is beyond the scope of liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Sash v. Rosahn*, 450 F. App'x 42, 43 (2d Cir. 2011) (a court-appointed attorney from the Legal Aid Society did not act under color of state law when representing a client); *Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("It is well established that private attorneys—even if the attorney was court appointed—are not state actors for the purposes of [Section] 1983 claims."). Thus, Plaintiff's

3

claims against attorney Niamh P. O'Flaherty are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, Plaintiff has filed sixty (60) complaints in recent months, including forty-three (43) complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d

42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 17, 2023
       Brooklyn, New York